**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REVAH ANZALDUA,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 15-732** |
| | : | |
| **WHYY, INC.** | : | |
| **Defendant** | : | |
| | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                         **February 1, 2016**

Plaintiff Revah Anzaldua has sued her former employer, WHYY, Inc., alleging violations
of the Fair Labor Standards Act (FLSA) (Count I), the Pennsylvania Minimum Wage Act
(PMWA) (Count II), the Family and Medical Leave Act (Count III), and the Age Discrimination
in Employment Act (Count IV). Under Counts I and II of her Amended Complaint, Plaintiff
alleges that Defendant failed to compensate her for overtime hours. Defendant has filed a Motion
to Dismiss Counts I and II for failure to state a claim upon which relief can be granted.
Defendant contends that Plaintiff's allegations establish that she was an exempt employee under
the FLSA and the PMWA and thus was not entitled to overtime compensation. Because Plaintiff
has alleged facts sufficient to support a reasonable inference that she is owed overtime
compensation for her employment with Defendant, Defendant's Motion will be denied.

## I.    ALLEGATIONS IN THE AMENDED COMPLAINT

Plaintiff alleges that she worked for Defendant from 2007 until 2013, first as the Manager
of Corporate Sponsorships, and then as the Manager of Corporate Affairs. Plaintiff avers that
while she was routinely required to work more than 40 hours each week, Defendant never
compensated her at the overtime rate for these hours. Instead, Plaintiff alleges that she was paid

the same weekly salary, plus commission, regardless of the number of hours she worked, and that Defendant classified her as an exempt employee under the FLSA and the PMWA.

During the course of her employment with Defendant, Plaintiff alleges that she had four major responsibilities. First, Plaintiff alleges that she assisted with planning and coordinating an awards ceremony and fundraiser called the President's Dinner. Second, Plaintiff alleges that she solicited and secured grants. Third, Plaintiff alleges that, beginning in 2008, she established and maintained underwriting relationships with clients. Fourth, beginning in 2010, Plaintiff alleges that she booked and coordinated events.

Plaintiff avers that in each of these roles, her primary duty was "essentially sales," as she spent most of her time contacting individuals and companies to attempt to secure donations, grants, and underwriting support for Defendant. Plaintiff also alleges that generally, she did not exercise independent judgment or have discretion to act without immediate supervision. In support of this allegation, Plaintiff avers that she was generally required to follow specific procedures and guidelines and use a fixed schedule of products and prices. In contrast, Plaintiff alleges that her supervisor often modified orders in ways that deviated from the fixed schedule of products and pricing, but that Plaintiff was not permitted to do the same.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement"[1] lacks enough substance to show that she is entitled to relief.[2] In determining whether a motion to dismiss should be granted, the Court must consider only those facts alleged in the

---

[1] Fed. R. Civ. P. 8.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

complaint, accepting all allegations as true and drawing all reasonable inferences in favor of the plaintiff.[3] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[4] Something more than a mere possibility of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is *plausible* on its face."[5] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory,"[7] but a "formulaic recitation"[8] of the elements is insufficient. The Court has no duty to "conjure up unpleaded facts that might turn a frivolous … action into a substantial one."[9]

## III.   DISCUSSION

Defendant argues that Plaintiff's Amended Complaint fails to state a claim for relief because the facts alleged establish that, as a matter of law, Plaintiff was not entitled to overtime compensation. Defendant does not dispute that Plaintiff has alleged facts sufficient to establish a prima facie case for unpaid overtime compensation under the FLSA and the PMWA. Instead, Defendant argues that Plaintiff's allegations conclusively demonstrate that Plaintiff is an exempt

---

[3] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[4] *Twombly*, 550 U.S. at 555, 564.

[5] *Id.* at 570 (emphasis added); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Iqbal*, 556 U.S. at 663.

[7] *Twombly*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[8] *Id.* at 545, 555.

[9] *Id.* at 562 (quoting *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988)).

employee under the FLSA's and the PMWA's administrative employee exemption and thus Defendant has an affirmative defense to liability.

Under the FLSA and the PMWA, employees are entitled to compensation at a rate of one and one-half times the regular rate for all hours worked above 40 in a workweek.[10] However, the requirement to pay overtime compensation does not apply to "any employee employed in a bona fide…administrative…capacity."[11] Exempt administrative employees are defined as employees "(1) [c]ompensated on a salary or fee basis at a rate of not less than $455 per week….(2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."[12] It is the employer's burden to establish that all three elements of this affirmative defense are satisfied.[13] On a motion to dismiss, "the factual predicate of [the exemption must be]…apparent from the face of the complaint."[14]

---

[10] 29 U.S.C. § 207; 43 Pa. Stat. § 333.104(c); 34 Pa. Code § 231.41.

[11] 29 U.S.C. § 213; 43 Pa. Stat. § 333.105(a)(5).

[12] 29 C.F.R. § 541.200. The definition of an exempt administrative employee under the PMWA also contains these three requirements, but the salary threshold is lower and it contains two additional requirements. *See* 34 Pa. Code § 231.83 ("(1) Whose primary duty consists of the performance of office or nonmanual work directly related to management policies or general operation of his employer or the customers of the employer. (2) Who customarily and regularly exercises discretion and independent judgment. (3) Who regularly and directly assists an employer or an employee employed in a bona fide executive or administrative capacity, who performs under only general supervision work along specialized or technical lines requiring special training, experience or knowledge, or who executes under only general supervision special assignments and tasks. (4) Who does not devote more than 20% of time worked in a workweek, or, in the case of an employee of a retail or service establishment, who does not devote more than 40% of time worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (1)--(3).(5) Who is paid for his services a salary of not less than $155 per week, exclusive of board, lodging, or other facilities, provided that an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week, exclusive of board, lodging or other facilities and whose primary duty consists of the performance of work described in paragraph (1), which includes work requiring the exercise of discretion and independent judgment, shall be deemed to meet all of the requirements of this section.").

[13] *Sander v. Light Action, Inc.*, 525 F. App'x 147, 150 (3d Cir. 2013). *See also Lawrence v. City of Philadelphia, Pa.*, 527 F.3d 299, 310 (3d Cir. 2008) ("Specifically, an employer seeking to apply an exemption to

It is not apparent from the face of Plaintiff's complaint that all three elements of the administrative exemption are satisfied, as Plaintiff has plausibly alleged that she did not exercise discretion and independent judgment in matters of significance.[15] The exercise of discretion and independent judgment generally "involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."[16] Plaintiff alleges that, in her primary duty of securing donations, grants, and underwriting support, she was generally required to follow specific procedures and guidelines and use a fixed schedule of products and prices. This is sufficient to allow the Court to infer that Plaintiff was unauthorized to compare and evaluate various courses of conduct and make a decision after considering the various possibilities.[17]

Plaintiff also alleges that generally, she was not permitted to enter into contracts on Defendant's behalf without prior authorization, she was required to follow Defendant's policies, procedures, and schedule of prices, and the arrangements she made and orders she received were subject to her supervisor's review and approval. These allegations sufficiently state that she did not have authority to "negotiate and bind the company on significant matters," or to "waive or deviate from established policies and procedures without prior approval," two factors "to consider when determining whether an employee exercises discretion and independent judgment

---

the FLSA must prove that the employee and/or employer comes *plainly and unmistakably* within the exemption's terms.") (internal citations and quotations omitted).

[14] *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005).

[15] *See Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896, 900 (3d Cir.1991) ("[I]f the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden.").

[16] 29 C.F.R. § 541.202; *Baum v. Astrazeneca LP*, 372 F. App'x 246, n.4 (3d Cir. 2010) (applying 29 C.F.R. § 541.202 to interpret the administrative exemption under the PMWA, as "Pennsylvania courts have looked to federal law regarding the Fair Labor Standards Act ("FLSA") for guidance in applying the PMWA.").

[17] *See also* 29 C.F.R. § 541.202(e) ("The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources.").

with respect to matters of significance."[18] As the Court must accept Plaintiff's allegations as true on a Rule 12(b)(6) Motion,[19] the Court "draw[s] the reasonable inference"[20] that Plaintiff did not exercise discretion and independent judgment in matters of significance, and therefore was a non-exempt employee entitled to overtime compensation.[21]

Nevertheless, Defendant contends that courts have held that employees with similar responsibilities as Plaintiff were exempt administrative employees, even where they were similarly denied the discretion to negotiate prices and contract terms. In *Hines v. State Room, Inc.*, the First Circuit granted the defendants' motion for summary judgment and held that, even though the plaintiff sales managers' discretion was limited in some ways, they were exempt administrative employees because they exercised discretion in creating custom events for clients and these events were matters of significance to the employer.[22] Here, however, Plaintiff has not made any allegations that she exercised discretion over any matters. Defendant argues that because Plaintiff avers that she *generally* was required to follow a fixed schedule of prices, she admits that she sometimes exercised discretion and independent judgment. On a motion to dismiss, the Court will not infer that Plaintiff exercised discretion in her primary duty based

---

[18] 29 C.F.R. § 541.202.

[19] *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

[20] *Iqbal*, 556 U.S. at 663.

[21] *See e.g.*, *Carey v. Nat'l Event Servs., Inc.*, No. 14-CV-05006, 2015 WL 667519, *6 (E.D. Pa. Feb. 13, 2015) (holding allegations that Plaintiff "had no discretionary duties other than scheduling employees, that he could not act without approval from a supervisor, and that what discretionary duties he had were of minimal importance compared with his other responsibilities" were sufficient to state a FLSA overtime claim) (internal citations and quotations omitted).

[22] *Hines v. State Room, Inc.*, 665 F.3d 235, 245-46 (1st Cir. 2011).

solely upon averments that she generally did not exercise discretion, or that Plaintiff did so in matters of significance.[23]

Furthermore, while the First Circuit in *Hines* determined on a fully developed record on summary judgment, that the particular plaintiffs exercised discretion and independent judgment despite being required to follow set price schedules and a manual,[24] this does not establish that this will be so in every case in which employees are subject to similar requirements. The determination of whether an employee is an exempt administrative employee is "extremely individual and fact-intensive, requiring a detailed analysis of the time spent performing administrative duties and a careful factual analysis of the full range of the employee's job duties and responsibilities."[25] The Court cannot adequately analyze Plaintiff's full range of duties without a developed factual record and courts have routinely found that it is inappropriate to do so.[26]  While it is possible that Plaintiff exercised discretion in matters of significance, it is not apparent from the face of Plaintiff's complaint and Defendant's Motion to Dismiss will therefore be denied.[27]

## IV.   CONCLUSION

For the reasons provided, this Court will deny Defendant's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint. An appropriate Order will be entered.

---

[23] 29 C.F.R. § 541.202.

[24] *Hines,* 665 F.3d at 245-46.

[25] *Herring v. Hewitt Assocs.*, No. 06-267,  2007 WL 2121693, *7 (D.N.J. July 24, 2007) (internal citations and quotations omitted). *See also* 29 C.F.R. § 541.202 ("The phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the question arises.").

[26] *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-106, 2013 WL 2557629, *2 (W.D. Pa. June 10, 2013). *See also Haskins v. VIP Wireless Consulting*, No. 09-754, 2009 WL 4639070, *6 (W.D. Pa. Dec. 7, 2009) ("We conclude such a detailed, fact-intensive analysis is impossible at this stage of the litigation.").

[27] *See Brody*, 145 F. App'x at 771.