IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| REVAH ANZALDUA | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | NO. 2:15-cv-00732 |
| | : | |
| v. | : | |
| | : | |
| WHYY, INC. | : | |
| Defendant | : | |

_____

**REPORT OF RULE 26(f) MEETING**

In accordance with the Federal Rules of Civil Procedure 26(f), counsel for the parties conferred on February 1, 2016 and submit the following report of their meeting for the Court's consideration:

**1. Discussion of Claims, Defenses and Relevant Issues:**

**a.      Plaintiff**:

On February 12, 2015, Plaintiff initiated this action against Defendant, WHYY, Inc. ("Defendant"), alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA") by misclassifying her as exempt from overtime and thus failing to pay her overtime compensation for all hours worked over forty (40) in a workweek.  Plaintiff further alleges that Defendant discriminated and retaliated against her in violation of the Family and Medical Leave Act ("FMLA") and the Age Discrimination in Employment Act ("ADEA") by passing her over for a promotion in favor of a substantially-younger and less qualified candidate, and ultimately terminating her employment in retaliation for exercising her rights under the FMLA, because of her age, and for engaging in protected activity under the ADEA.

Plaintiff began her employment with Defendant in 2007 when she was hired as a Manager of Corporate Sponsorships, wherein her job duties involved the solicitation of fundraising contributions. Her duties were expanded in 2008 to the solicitation of underwriting support, and against in 2010, when her job title was changed to "Manager of Corporate Affairs," and she was tasked with booking clients for the use of a new event venue. Plaintiff alleges that, from that point (i.e. 2010) until around June 2013, she generally worked fifty (50) to sixty (60) hours per week. However, as a result of Defendant's determination that she was "exempt" from the overtime requirements of the FLSA/PMWA, Plaintiff did not receive overtime compensation.

Plaintiff contends that Defendant willfully misclassified her as exempt from overtime. In this regard, Plaintiff contends that Defendant will be unable to demonstrate that Plaintiff met the requirements of the exemption for administrative employees[1] due to the fact that Plaintiff did not exercise independent judgment or discretion with respect to matters of significance. To the contrary, Plaintiff spent most of her time on the phone communicating with donor-clients and underwriters regarding the pre-existing options available to them pursuant to Defendant's policies, facilitating communications, and filing out routine paperwork.

With respect to Plaintiff's FMLA claims, in or around June 2013, Plaintiff's husband was diagnosed with stage four, metastatic lung cancer. As a result, Plaintiff began to experience severe depression and anxiety and requested (and was approved for) medical leave to care for her own serious health condition from July 18, 2013 to August 9, 2013. In the months that followed, Plaintiff's supervisor criticized her absences from work, including, presumably, her absences for FMLA-qualifying reasons. In April 2014, Plaintiff was again forced to request FMLA leave, this time to take care of her ailing husband. Plaintiff's husband eventually passed away on May 3,

---

[1] While Defendant has yet to file its Answer with Affirmative Defenses, this appears to be the only exemption under the FLSA/PMWA Defendant intends to assert. Nevertheless, Plaintiff denies that there are any other exemptions – such as the Executive Exemption or the Outside Sales Exemption – that are even potentially applicable.

2014, and Plaintiff returned to work on May 12, 2014, just four (4) days after her husband's funeral.

Plaintiff's own health deteriorated in the aftermath of her husband's death, exacerbating her own medical issues (including anxiety, depression, hypertension, and insomnia). On August 8, 2014, Plaintiff's doctor placed her out on leave until at least September 2, 2014, after discovering that she was at high risk of stroke. Plaintiff was ultimately terminated on September 9, 2014 after Defendant refused to extend her medical leave so she could obtain treatment from medical specialist for her serious health condition. Plaintiff alleges that Defendant terminated her because of her use of FMLA leave and otherwise considered her use of leave as a negative factor in evaluating her performance, including by failing to adjust its performance expectations to avoid penalizing her for FMLA-qualifying absences.

With respect to Plaintiff's claims under the ADEA, Plaintiff was informed, in June 2013, that her position was being eliminated, and that she would be (effectively) demoted to the position of "Underwriting Representative," with a substantial pay cut beginning January 2014. It is Plaintiff's understanding that some of her job responsibilities were subsequently reassigned to two significantly younger individuals. Moreover, around this time, Plaintiff applied for the better-paying position of Manager, Corporative Services, but was passed over in favor of a less-qualified individual who is approximately thirty (30) years younger than Plaintiff. On August 4, 2014, Plaintiff filed a charge of discrimination with the EEOC alleging, among other things, discrimination because of age. Plaintiff alleges that Defendant subsequently terminated her employment approximately four (4) months later in retaliation for filing engaging in protecting under the ADEA and because of her age.

**b.     Defendant**:

Plaintiff, Revah Anzaldua, is a former employee of WHYY, Inc.  WHYY, Inc. is the Philadelphia/Southern New Jersey and Delaware NPR affiliate for both television and radio.

Plaintiff was discharged from her job with WHYY by letter dated September 9, 2014. The reasons for Ms. Anzaldua's discharge include that she failed to meet her sales goals for 2013 and the portion of 2014 that came before her discharge, and for not having any events booked for calendar year 2015.  At the time of her discharge, Ms. Anzaldua's third FMLA leave had expired.

Plaintiff filed two charges of discrimination.  The first, filed on August 4, 2014 alleged that Ms. Anzaldua had been discriminated on the basis of age, and retaliated against for having reported her concerns that a co-worker had been the subject of racial discrimination.  The racial discrimination issue will be discussed below.  Her complaint about racial discrimination appears nowhere in her federal complaint.

Plaintiff filed her second charge of discrimination on November 15, 2014, and in this charge, she continued to allege that WHYY discriminated against her based upon her age, and she included the claim (not available at the time of her August 3, 2014 charge) that she had been unlawfully discharged.  In her charge of discrimination, she attributed her discharge solely to age discrimination and retaliation and she mentioned nothing about retaliating against her for raising concerns about racial discrimination allegedly suffered by one of her co-workers which were the foundation for much of her earlier charge of discrimination and retaliation.

On February 12, 2015, Plaintiff filed her Complaint in the United States District Court for the Eastern District of Pennsylvania.  The Complaint includes the following four counts: Count I, Failure to Pay Overtime Wages in violation of the Fair Labor Standards Act ("FLSA"); Count II,

Failure to Pay Overtime Wages in violation of the Pennsylvania Minimum Wage Act ("PMWA"); Count III, Interference with and Retaliation for requesting leave under the Family and Medical Leave Act ("FMLA"), and Count IV, Discrimination and Retaliation for raising claims under the Age Discrimination in Employment Act ("ADEA").

Count I and II are premised on the allegation that Ms. Anzaldua did not meet the requirements for her to be exempt from the FLSA's and PMWA's requirement that non-exempt employees be paid overtime for hours worked in excess of 40 per week.  These claims are without foundation because, in fact, Ms. Anzaldua exercised substantial discretion in her various roles with WHYY during the relevant period.  The evidence will establish that she was an exempt administrative employee.

In Counts III and IV, plaintiff seeks to establish that she was discharged for an improper purpose of retaliating against her for one or both of two allegedly discriminatory reasons: (1) her decision to avail herself of FMLA leave and/or (2) on the basis of age.  The documentary and testimonial evidence will show that Ms. Anzaldua failed to perform her job responsibilities to such a glaring degree during the relevant period that WHYY could not possibly retain her as an employee.  She had been warned about her failure to perform in accordance with expectations, goals had been set for her to meet in order to retain her job and she failed to meet those goals.

2. **Informal Disclosures**

Plaintiff and Defendant will exchange their initial disclosures by February 9, 2016.

3. **Formal Discovery**

Plaintiff and Defendant will exchange their Interrogatories and Document Requests by February 16, 2016.

Any Motions to Amend or to Add Parties shall be filed by February 23, 2016.

Fact discovery will end on June 15, 2016.

Dispositive motions shall be served by August 1, 2016.

4.     **Electronic Discovery**

At this time, the Parties do not foresee problems with the production of discovery. The Parties agree that discovery will be reasonable and will be limited to matters that are relevant to claims/defenses raised or likely to lead to the discovery of claims/defenses raised. The Parties further agree that discovery will not be unduly burdensome and will not impose unduly expensive costs on either side, and that discovery will be limited to data reasonably available to the parties in the ordinary course of business.

To the extent Parties are responding to discovery with the production of documents or electronically stored information, the Parties shall produce documents in paper form or, where the documents are voluminous, by making them available in paper form for inspection and review at an agreeable time and place.

5.     **Expert Witness Disclosures**

The Parties do not anticipate the use of experts at this time. However, the Plaintiff shall disclose the identity of her expert, if any, and provide expert reports consistent with the Rules (including any curricula vitae) by August 1, 2016. Defendant shall provide its expert report by September 1, 2016 and the Parties agree that expert witness depositions will be completed by October 12, 2016.

6.     **Early Settlement or Resolution**

Plaintiff will provide a formal demand by February 9, 2016.  Plaintiff is agreeable to an early settlement conference after the exchange of written discovery responses. Defendant is amenable to informal negotiation after Plaintiff forwards a demand, and if that does not succeed

in resolving the case, then Defendant is amenable to court supervised mediation to attempt to settle this matter after the exchange of written discovery.

### 7. **Trial Date**

The parties do not request a date certain for trial, but request that the Court resolve any dispositive motions prior to setting a trial date.

### 8. **Other Matters**

The Parties are not aware of any at this time.

| **MURPHY LAW GROUP, LLC** | **LITCHFIELD CAVO, LLP** |
|---|---|
| */s/ Michael Murphy*_____ | */s/ Joel I. Fishbein*_____ |
| Michael Murphy, Esq. | Joel I. Fishbein, Esq. |
| Eight Penn Center, | 1515 Market Street |
| Suite 1803 | Suite 1220 |
| Philadelphia, PA  19102 | Philadelphia, PA 19102 |
| (267) 273-1054 | (215) 999-5771 Phone |
| murphy@phillyemploymentlawyer.com | fishbein@litchfieldcavo.com |
| Attorney for Plaintiff | Attorney for Defendant |
| Dated: February 3, 2016 | Dated: February 3, 2016 |